UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PEDRO PEREZ-CORZA, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:13-cv-01243-TWP-DML |
| UNITED STATES, | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Pedro Perez-Corza ("Perez-Corza") for relief pursuant to 28 U.S.C. § 2255 must be **DENIED** and this action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On March 23, 2011, Perez-Corza was charged in a two-count, two-defendant Indictment filed in the Southern District of Indiana in case number 1:11-cr-54-TWP-KPF-1. Perez-Corza and his co-defendant were charged in Count 1 with conspiracy to possess with intent to distribute and/or distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and in Count 2 with possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841.

On August 29, 2011, Perez-Coza filed a Petition to Enter a Plea of Guilty and Plea Agreement pursuant to *Federal Rules of Criminal Procedure* 11(c)(1)(A) and (B). The Plea Agreement provided that Perez-Corza would plead guilty as charged to Count One of the

Indictment. In exchange for Perez-Corza's plea of guilty, the government agreed to dismiss Count Two of the Indictment and to ask for a 3 level departure from the guidelines for acceptance of responsibility.

Perez-Corza further acknowledged that "the determination of his sentence is within the discretion of the Court." 1:11-cr-54-TWP-KPF-1, Dkt. No. 69, ¶ 4. He further acknowledged that if the Court imposed a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies, Perez-Corza will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

In exchange for the concessions made by the Government, Perez-Corza "expressly waive[d] his right to appeal the conviction and any sentence imposed in this case on any and all grounds, . . . [and] also expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." *Id*. Dkt. No. 69, ¶ 11.

On February 3, 2012, a change of plea hearing was held and the Court accepted Perez-Corza's plea and adjudged him guilty of Count One as charged in the Indictment. Dkt. No. 91. At that hearing, the Court advised Perez-Corza of his rights and the penalties he faced if convicted and heard the factual basis for Perez-Corza's plea. The Court accepted Perez-Corza's plea of guilty and adjudged him guilty as charged in Count One.

On that same date, the Court held a sentencing hearing. *Id*. Dkt. No. 91. The Court sentenced Perez-Corza to 100 months imprisonment, to be followed by five years of supervised release. *Id.* Dkt. No. 96. Following the sentencing hearing, the government moved to dismiss Count Two of the Indictment and the Court granted that motion. The judgment of conviction was entered on February 13, 2012. Perez-Corza did not appeal his conviction or sentence. On August

5, 2013 Perez-Corza filed this action pursuant to 28 U.S.C. § 2255. The United States responded and no reply was filed by Perez-Corza.

*Discussion*

Perez-Corza's § 2255 motion suggests that he was denied effective assistance of counsel because he should have been sentenced according to the "safety-valve provisions." The United States argues that Perez-Corza is not entitled to relief because his § 2255 motion is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* Perez-Corza did not appeal his conviction or his sentence, thus his conviction became final February 27, 2012. *Clay v. United States*, 537 U.S. 522, 532 (2003); 28 U.S.C. § 2255(f)(1). The last day on which Perez-Corza could have filed a timely § 2255 motion was February 27, 2013. Perez-Corza's motion is untimely by almost six months.

Perez-Corza did not reply to the United States argument and there is no basis upon which the Court could conclude that equitable tolling is appropriate in this case. Accordingly, Perez-Corza's § 2255 motion is time-barred and summarily dismissed with prejudice on this basis.

In addition, the Court notes that contrary to Perez-Corza's assertion, he was given the benefits of the Safety Valve provision pursuant to 18 U.S.C. § 3553(f)(1-5) and Section 5(C)1.2 of the Guidelines. Defense counsel made a strong argument both orally and in Perez-Corza's Sentencing Memorandum requesting the Court apply the Safety Valve provision. *Id*. Dkt. 87. Moreover, the Court applied the Safey Valve departure. Without application of the Safety Valve, Perez-Corza would have been sentenced to the statutory minimum sentence for the charged offense which is 120 months, pursuant to 21 U.S.C. § 841(b)(1)(A).

*Conclusion*

For the reasons explained above, Perez-Corza is not entitled to relief in this action. Accordingly, his motion for relief pursuant to § 2255 is **DENIED,** and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**A copy of this Entry shall be entered in the underlying criminal action, Case No 1:11-cr-54-TWP-KPF-1.**

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Perez-Corza has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 6/11/2015

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution. A copy of this Entry shall be entered in the underlying criminal action, Case No 1:11-cr-54-TWP-KPF-1.**

Distribution:

PEDRO PEREZ-CORZA
Reg. No. 10054-028
ADAMS COUNTY CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 1600
Washington, MS 39190

All Electronically Registered Counsel